McRAE, Justice,
dissenting:
Common sense dictates this dissent.
The majority splits hairs in its interpretation that the term “state” in Miss.Code Ann. § 31-7 — 47 (1972) does not include “any governmental unit capable of promulgating and enforcing policies which grant a preference to resident contractors domiciled in that government unit.” The majority opinion unjustifiably harms Mississippi contractors wishing to do business in New York, New York and frustrates the Legislature’s true intent behind enacting Miss.Code Ann. § 31-7-47 (1972). Accordingly, I dissent.
The clear, unambiguous language in Miss. Code Ann. § 31-7-47 (1972) provides that a “nonresident bidder domiciled in a state having laws granting preference to local contractors shall be awarded Mississippi public contracts only on the same basis as the nonresi *1356 dent bidder’s state awards contracts to Mississippi contractors bidding under similar circumstances.” The majority correctly provides that in interpreting the statutes, this Court’s primary objective is to employ that interpretation which best suits the legislature’s true intent or meaning. Anderson v. Lambert, 494 So.2d 370, 372 (Miss.1986). It is obvious that our Legislature intended that this state treat out-of-state contractors identical to how they are required by law to treat Mississippi contractors bidding in their state. Hence, the general theme of reciprocal, mutual treatment comes to mind.
For example, let’s just say that a Mississippi contractor bids on a contract in New York. And let’s just say that this contract is located in New York, New York [hereinafter New York City]. It is undisputed that New York City gives a five percent (5%) preference for New York City contractors. Therefore, if a Mississippi contractor submitted the lowest bid on a contract in New York City and a New York City vendor submitted the second lowest bidder on the contract, it is highly probable that the New York City contractor would receive the contract after taking into consideration the five percent (5%) preference. The meaning and purpose of Miss.Code Ann. § 31-7-47 (1972) is clearly to provide equal footing or rather, follow the “Golden Rule.” With the majority’s opinion today, the true intent of our Legislature is not being followed.
The majority inaccurately holds that the outcome of this appeal ultimately turns on the interpretation of the term “state.” However, the pertinent and appropriate term to question within the language of Miss.Code Ann. § 31-7-27 (1972) is what is the meaning of “a state having laws granting preference....” Miss.Code Ann. § 31-7-47 (1972). The language “having laws” evidences or signifies that any law, whether it be a city ordinance or state statute, must be taken into consideration.
It has never before been disputed that a local government is an arm of a state’s overall government. The State of New York grants the local government of New York City the power to enact provincial ordinances. New York State acquiesces to the city’s established law giving preferential treatment to New York contractors. Because the State of New York lends credence to the City of New York’s law, it should be charged with the City’s laws. The chancellor was correct in holding that Refrigeration Sales Co., Inc., a New York City contractor, was subject to the five percent (5%) penalty while bidding in Mississippi.
The majority opinion does nothing but hurt those Mississippi contractors aspiring to do business in New York City. The majority opinion is misleading, as it states, “[h]ad this contract been put up for bid in New York, the contract would have gone to the lowest bidder without consideration of the domicile of the bidder.” This deceptive assertion does not contemplate a contract located in the busiest city in our nation, New York City. To the contrary, the domicile of the bidder would most definitely be taken into consideration, and a five percent (5%) preference would be given to those contractors domiciled in New. York City. However, the State of Mississippi has erroneously decided that it will not reciprocate New York City’s law and give its contractors the same benefit when bidding in Mississippi.
It just makes common sense that the five percent (5%) preference for Mississippi contractors be employed in the case at hand.
DAN M. LEE, P.J., joins this opinion.